IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISON

| | |
|---|---|
| RYAN N. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> NCB MANAGEMENT SERVICES, INC. and RADIUS GLOBAL SOLUTIONS, LLC <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 3:22-cv-00144 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes RYAN N. BROWN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of NCB MANAGEMENT SERVICES, INC. ("NCB") and RADIUS GLOBAL SOLUTIONS, LLC (" RGS") (collectively, "Defendants"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq. and* the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendants' unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Texas and a significant portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

1

**PARTIES**

4. Plaintiff is a consumer over the age of 18 residing in League City, Texas which lies within the Southern District of Texas.

5. NCB is a debt collection agency that provides call center and other debt collection services[1]. Defendant is a corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 1 Allied Drive, Trevose, Pennsylvania.

6. RCS is a limited liability company organized under the laws of Minnesota and maintains is principal place of business at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439. RGS regularly collects upon consumers nationwide, including those located in the state of Texas.

7. NCB is RGS's principal. Consequently, NCB is liable for RGS' actions as it exercises control over RGS' conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustee, sureties, subrogees, representatives and insurers at all times relevant to this instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise of the same transaction, occurrence, or series of transaction or occurrences and common questions of law of fact will arise.

---

[1] http://www.ncbi.com/index.html

## FACTS SUPPORTING CAUSES OF ACTION

10. This actions stems from Defendants' collection activity in connection with a personal automobile loan that Plaintiff had with Santander Consumer USA Holding, Inc. ("subject debt").

11. Upon information and belief, NCB purchased the subject consumer debt after Plaintiff's alleged.

12. Subsequently, NCB placed the subject consumer debt with RGS for collection purposes.

13. Within the last year, RGS began placing collection calls to Plaintiff's cellular phone (346) XXX-0585, on behalf of NCB.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0585. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant used a variety of phone numbers when placing calls to Plaintiff's cellular phone number including but not limited to (833) 386-0444 and (833) 386-0446.

16. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

17. When Plaintiff initially spoke to RGS, he entered into a payment plan to satisfy the subject debt.

18. Shortly thereafter Plaintiff realized that he would be unable to afford payments on the subject debt and asked RGS to cease placing phone calls to his cellular phone.

19. RGS completely disregarded Plaintiff's request and continued to place collection phone calls to his cellular phone.

20. RGS also left voicemails on Plaintiff's cellular phone which failed to advise that it was acting as a debt collector.

21. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights resulting in expenses.

22. Plaintiff has been misled and harassed by Defendants' conduct. Plaintiff's decision to pay the subject consumer debt has been materially affected by Defendants' conduct.

23. Plaintiff suffered concrete harm as a result of Defendants' conduct, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendants identify themselves as debt collectors, and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA §1692c(a)(1) and §1692d

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Furthermore, §1692d(5) prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendants violated §1692c (a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to cease placing calls to his cellular phone. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendants willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

32. Defendants were notified by Plaintiff that its calls were not welcomed. As such, Defendants knew that their conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendants violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that they stop contacting him, Defendants continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendants placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls.. Through its conduct, Defendants misleadingly represented to Plaintiff that it had the legal ability to contact him when they did not..

36. Defendants further violated §§ 1692e, e(10), and e(11) when it failed to properly apprise Plaintiff of the fact that they were acting as a debt collector attempting to collect upon the subject debt.. By failing to disclose their status as a debt collector attempting to collect a debt Defendants deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA and attempted to deceive Plaintiff into providing information that would not be provided had Defendants' identity been made clear. Consequently, Defendants' objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing his rights under the FDCPA and to further compel Plaintiff to disclose sensitive information. Defendants used such deceptive means in order to coerce Plaintiff into satisfying the subject debt.

    c. **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendants violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendants only served to worry and confuse Plaintiff.

6

39. Defendants further violated §1692f when it failed to properly apprise Plaintiff their status as debt collectors.. It was unfair for Defendants not to inform Plaintiff that they were acting as a debt collector..

WHEREFORE, Plaintiff RYAN N. BROWN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. Defendants are a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

43. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(1), prohibits a debt collector from, using profane or obscene language or language intended to abuse unreasonably the hearer or reader." § 392.302(4), further states that "a debt collector may not oppress, harass, or abuse a

person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." .

45. Defendants violated the TDCA when it continued to call Plaintiff's cellular phone numerous after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendants continued in its harassing campaign of phone calls in hopes of extracting payment.

### b. Violations of TDCA § 392.304

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

47. Defendants violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendants misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendants stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff RYAN N. BROWN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 6, 2022                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Federal I.D. 3098183
*Counsel for Plaintiff*
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com
